MERRITT, Circuit Judge,
concurring.
The defendant here pled guilty to using the “internet to communicate with a girl *227 approximately 15 to 17 years old and persuaded ... her into sending images of herself engaged in sexually explicit conduct and the lascivious display of her pubic area” in violation of 18 U.S.C. § 2422(b), according to the indictment. For so communicating with the young girl, the statute provides for a “mandatory minimum” sentence of not less than ten years and a maximum of life imprisonment. The plea agreement allows the defendant to appeal any sentence that is “unconstitutional.” The defendant has appealed his 30 year sentence. All of the young girl’s conduct here was apparently consensual prompted by her desire to send sexually explicit pictures to the defendant, to engage in sexual intercourse with him and to act as his sex “slave.”
In this case we have a mentally ill perpetrator of tip crime and an unusually willing, perhaps mentally disturbed, victim. The perpetrator, a sexual sadist, sought to “enslave” the girl; and the girl apparently sought to be his sex “slave.” The psychology and the neuroscience underlying the conduct of both the man and the young girl are a puzzle. It is difficult for the judicial system to decide what kind of sentence should be imposed in this kind of case. It will probably cost the taxpayers $1 million' or more to keep the defendant incarcerated for 30 years, and we cannot know now at the time of this appeal whether rehabilitation is likely. The question of release into community confinement or other forms of supervision must be left to the U.S. Bureau of Prisons or any future parole system that may be created to deal with sex offenders as they age and may lose their sadistic sexual proclivities. Like the district court and my colleagues, I do not know of any better sentence to impose at this time.